FILED
JUL 22 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

ANDREA RILEY
2446 Kent Village Place
Landover, Maryland 20785

    Plaintiff

v.

    Civil Action No.:
    Jury Trial Demanded

WASHINGTON HOSPITAL CENTER CORPORATION

    Defendant

Serve: Registered Agent:

CT Corporation System
1015 15th Street, N.W.
Suite 1000
Washington, D.C. 20005

CASE NUMBER   1:05CV01444

JUDGE: Henry H. Kennedy

DECK TYPE: General Civil

DATE STAMP: 07/22/2005

JURY ACTION

## COMPLAINT

**COMES NOW**, the Plaintiff, Andrea Riley, by and through counsel and moves this Honorable Court for judgment against the Defendant, Washington Hospital Center Corporation, on the grounds and in the amount set forth below:

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees, punitive damages and other relief on behalf of Plaintiff, Andrea Riley, who has been harmed by the Defendant's illegal collection practices.

2. That this is an action brought for violations of the rights of the Plaintiff under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All of the unlawful actions and practices as alleged herein, were and are now being committed within the District of Columbia.

5. Plaintiff, Andrea Riley is a citizen of the United States and an individual and citizen of the State of Maryland, residing at 2446 Kent Village Place, Landover, Maryland.

6. Defendant, Washington Hospital Center Corporation had and continues to have its principal place of business at 110 Irving Street, NW, Washington D.C.

7. That on or about February 13, 2003, Plaintiff came under the care of the Defendant for a tubal ligation procedure.

8. That prior to the aforesaid procedure Plaintiff was contacted by an agent of the Defendant to register for the aforesaid surgery.

9. That an agent for Defendant contacted Plaintiff to verify insurance coverage for the aforesaid procedure.

10. That an agent for Defendant contacted the Plaintiff to inform Plaintiff that her insurance had been verified and that her co-pay was in the amount of Three Hundred Dollars ($300.00).

11. That an agent of the Defendant contacted Plaintiff and instructed Plaintiff to bring the co-pay in the amount of Three Hundred Dollars ($300.00) on the date of the scheduled procedure.

12. That the Plaintiff presented to Washington Hospital Center Corporation on February 13, 2003 for the aforesaid procedure.

13. That Plaintiff presented the aforesaid co-pay in the amount of Three Hundred Dollars ($300.00) upon arrival at Washington Hospital Center Corporation on February 13, 2003.

14. That the aforesaid procedure was performed on February 13, 2003.

15. That Plaintiff's check in the amount of Three Hundred Dollars ($300.00) was negotiated by Defendant, Washington Hospital Center Corporation.

16. That Defendant, Washington Center Corporation contacted Plaintiff, after the surgery, to inform Plaintiff that her insurance company denied payment for the aforesaid surgery.

17. That Defendant, Washington Hospital Center Corporation demanded payment for the procedure in the amount of Six Thousand Two Hundred Forty Five Dollars and Eighty Three Cents ($6,245.83).

18. That Plaintiff disputed that she is responsible for the aforesaid charges as she was informed prior to the procedure that she was pre-certified by Washington Hospital Center Corporation with her insurance company.

19. That Plaintiff disputed that she is responsible for the aforesaid charges as she was paid the requested co-pay in the amount of Three Hundred Dollars ($300.00) and the aforesaid co-payment was received and negotiated by Defendant, Washington Hospital Center Corporation.

20. That Plaintiff, in the course of attempting to obtain credit was advised that Defendant had placed a delinquent credit rating in her credit report.

21. That as a result of the delinquent credit report, Plaintiff was denied credit.

22. That as a result of Defendant's wrongful conduct as set forth above, Plaintiff has incurred general damages to be determined at trial, and attorney's fees and costs.

## COUNT 1
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C.§1692 ET SEC

23. Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692a(3).

25. Defendant is a "creditor" as defined in 15 U.S.C. §1692a(4).

26. Defendant is a "debt collector" as defined in 15 U.S.C. §1692a(6).

27. The alleged amount owed to Defendant is a "debt" as defined in 15 U.S.C. §1692a(5).

28. Defendant violated 15 U.S.C. §1692e(2) &(8) by filing delinquent credit ratings against the Plaintiff.

29. Defendant violated 15 U.S.C. §1692e(2) &(8) by pursuing Plaintiff for a debt which was not owed the Defendant.

30. That as a result of Defendant's wrongful conduct as set forth above, Plaintiff has incurred general damages to be determined at trial, and attorney's fees and costs.

## COUNT 2

### FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681 ET SEC

31. Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff is a "consumer" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

33. Plaintiff is a person as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(b).

34. Defendant provided information about the Plaintiff to a consumer reporting agency of which they had actual knowledge that such information was inaccurate.

35. Defendant provided information about the Plaintiff to a consumer reporting agency of which they avoided knowing that such information was inaccurate.

36. That as a result of Defendant's wrongful conduct as set forth above, Plaintiff has incurred general damages to be determined at trial, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, Andrea Riley, demands judgment against Defendant, Washington Hospital Center Corporation, as follows:

(a) An award of compensatory damages for losses incurred by Plaintiff as a result of Defendant's conduct;

(b) An award of costs including reasonable attorneys fees and expenses of litigation;

(c) Statutory damages of $1,000.00

(d) An award of punitive damages;

(e) An award of such other relief as may be just and reasonable under the circumstances.

Respectfully Submitted

Michael L. Avery, Sr., Esquire
D.C. Bar No. 447083
1331 H Street, N.W.
Suite 902
Washington, D.C. 20005
(202) 393-4600
Counsel for Plaintiff