UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ANDREA RILEY                          :
                                      :
              Plaintiff               :
                                      :
vs.                                   :       Case No.  1:05 CV 01444 HHK
                                      :
WASHINGTON HOSPITAL CENTER,    :
CORPORATION                           :
                                      :
              Defendant               :

**WASHINGTON HOSPITAL CENTER CORPORATION**
**ANSWER TO THE COMPLAINT**

WASHINGTON HOSPITAL CENTER CORPORATION ("WHCC") by and through its

counsel, Rubin & Rubin, P.C. and Lawrence E. Rubin, for Answer to the Complaint filed herein

by Plaintiff ANDREA RILEY, Answers as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

WHCC responds to the numbered paragraphs of the Complaint, as follows:

1.      WHCC avers that the Plaintiff's description of the nature of this action

        and the *ad damnum* clauses set forth in the Complaint speak for

        themselves and no response is required.  WHCC denies that WHCC has

        engaged in any illegal collection practices which have harmed the

        Plaintiff.

2.      WHCC admits that the Complaint is brought for alleged violations of the

        Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit

Reporting Act ("FCRA"). WHCC denies that it has violated the rights of the Plaintiff under FDCPA or FCRA.

3.    WHCC admits the that the United States District Court has jurisdiction.

4.    WHCC admits that venue is proper in the District of Columbia. WHCC denies that it previously or is now committing any unlawful actions and practices within the District of Columbia as alleged in paragraph #4 of the Complaint.

5.    WHCC admits the factual allegations contained in paragraph #5 of the Complaint.

6.    WHCC admits the factual allegations contained in paragraph #6 of the Complaint.

7.    WHCC admits that the Plaintiff underwent a tubal ligation procedure at WHCC on February 13, 2003.

8.    WHCC lacks knowledge or information sufficient to either admit or deny the factual allegation in this paragraph that the Plaintiff was contacted to register for the tubal ligation surgery and to the extent that this paragraph must be admitted or denied the same is denied. WHCC denies that its agent contacted the Plaintiff to register for the tubal ligation surgery. WHCC avers that if the Plaintiff was contacted to register for the tubal ligation surgery it would have been by an employee of WHCC.

9.    WHCC denies the factual allegations contained in paragraph #9 of the

Complaint.

10.     WHCC denies that its agent contacted the Plaintiff, or that the Plaintiff's

insurance had been verified or that the Plaintiff's co-pay was $300 as

alleged in paragraph #10 of the Complaint.  WHCC avers that its

employee telephoned Plaintiff and informed her that a representative from

National Claims Administrative Services, Inc. ("NCAS") had informed

WHCC that the Plaintiff's co-pay would be $200 and her deductible was

$100.  WHCC further avers upon information and belief that NCAS is the

third-party administrator of the Plaintiff's health plan.  To the extent that

paragraph #10 (or other paragraphs) of the Complaint purports to allege

that WHCC informed the Plaintiff prior to surgery that her financial

responsibility for the surgery would be limited to $300 the same is further

denied on the ground that any such statement was beyond the scope of the

employment of any such person.

11.     WHCC denies that its agent contacted the Plaintiff and instructed her to

bring the co-pay in the amount of $300 on the date of the scheduled

procedure as alleged in paragraph #11 of the Complaint.  WHCC avers

that its employee told the Plaintiff to bring $300 to the hospital on the date

of the scheduled procedure.

12.     WHCC admits the factual allegations contained in paragraph #12 of the

Complaint.

13.     WHCC admits that the Plaintiff paid WHCC $300 on February 13, 2003; WHCC denies that the Plaintiff's co-pay was $300 as alleged in paragraph #13 of the Complaint.

14.     WHCC admits the factual allegation contained in paragraph #14 of the Complaint.

15.     WHCC admits the factual allegation contained in paragraph #15 of the Complaint.

16.     WHCC admits that its employee spoke with the Plaintiff and informed the Plaintiff that NCAS had informed WHCC that the surgery was a noncovered service under the Plaintiff's insurance plan and that payment of the WHCC charges was denied.  WHCC lacks knowledge or information sufficient to either admit or deny that WHCC contacted the Patient as alleged in paragraph #16 of the Complaint and to the extent that this allegation must be admitted or denied the same is denied.

17.     WHCC admits the factual allegations contained in paragraph #17 of the Complaint.

18.     WHCC admits that the Plaintiff telephoned WHCC and stated that she was not liable for payment of the balance of the hospital charges for the surgery.  WHCC denies the factual allegations contained in paragraph #18 of the Complaint.

19.     WHCC admits that Plaintiff paid WHCC $300 and admits that the

Plaintiff telephoned WHCC and stated that she was not liable for payment of the balance of the hospital charges for the surgery. WHCC denies the factual allegations contained in paragraph #19 of the Complaint.

20.    WHCC lacks knowledge or information sufficient to either admit or deny the factual allegations contained in paragraph #20 of the Complaint and to the extent that this paragraph must be admitted or denied the same is denied.

21.    WHCC lacks knowledge or information sufficient to either admit or deny the factual allegations contained in  paragraph #21 of the Complaint and to the extent that this paragraph must be admitted or denied the same is denied.

22.    WHCC denies the factual allegations contained in this paragraph #22.

COUNT I

23.    WHCC incorporates its response to the factual allegations contained paragraphs #1 through #22 of the Complaint as if fully restated herein.

24.    WHCC admits that the Plaintiff is a "consumer"as defined in 15 U.S.C. §1692a(3)  as alleged in paragraph #24 of the Complaint.

25.    WHCC admits that it is a "creditor" as defined in 15 U.S.C. §1692a(4) as alleged in paragraph #25 of the Complaint.

26.    WHCC lacks knowledge or information sufficient to either admit or deny that it is a "debt collector" as defined in 15 U.S.C. §1692a(6) as alleged in

paragraph #26 of the Complaint and to the extent that this paragraph must be admitted or denied the same is denied.

27.     WHCC admits that the amount the Plaintiff owes WHCC for the tubal ligation surgery is a "debt" as defined in 15 U.S.C. §1692a(5) as alleged in paragraph #27 of the Complaint.

28.     WHCC denies the factual allegations contained in paragraph #28 of the Complaint.

29.     WHCC denies the factual allegations contained in paragraph #29 of the Complaint.

30.     WHCC denies the factual allegations contained in paragraph #30 of the Complaint.

COUNT II

31.     WHCC incorporates its response to the factual allegations contained paragraphs #1 through #30 of the Complaint as if fully restated herein.

32.     WHCC admits that Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a( c) as alleged in paragraph #32 of the Complaint.

33.     WHCC admits that Plaintiff is a "person" as defined in 15 U.S.C. §1681a(b) as alleged in paragraph #33 of the Complaint.

34.     WHCC denies the factual allegations contained in paragraph #34 of the Complaint.

35.     WHCC denies the factual allegations contained in paragraph #35 of the

Complaint.

36.     WHCC denies the factual allegations contained in paragraph #36 of the

Complaint.

## THIRD DEFENSE

As to any allegation in the Complaint which has not been admitted or denied, above, the

same is hereby denied and WHCC demands strict proof of any allegation it has denied.

## FOURTH DEFENSE

WHCC avers the affirmative defense of estoppel.

## FIFTH DEFENSE

WHCC avers the affirmative defense of laches.

## SIXTH DEFENSE

WHCC avers the affirmative defense of the statute of limitations.

## SEVENTH DEFENSE

WHCC avers the affirmative defense of waiver.

**WHEREFORE**, the Complaint having been fully Answered, WASHINGTON

HOSPITAL CENTER CORPORATION demands

A.  That the Complaint be dismissed with prejudice;

B.  That Plaintiff ANDREA RILEY take nothing on Plaintiff's claims;

C.  That WASHINGTON HOSPITAL CENTER CORPORATION be awarded attorney's

fees and costs incurred by this Defendant in the defense of this action; and

D.  That the Court grant such other and further relief as the Court may deem proper.


**RUBIN & RUBIN, P.C.**
Attorneys for WASHINGTON HOSPITAL
CENTER CORPORATION

By: _____

Lawrence E. Rubin, D.C. Bar No. 27441
8404 Georgia Avenue
Silver Spring, MD 20910
Tel. (301) 585-3822
Fax (301) 588-8406
Email: lawrencerubin@hotmail.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer was sent via first class mail, postage prepaid this **20ᵗʰ** day of **September, 2005** to the following counsel of record:

Michael L. Avery, Sr., Esquire
Avery & Associates
1331 H Street, N.W., Suite 902
Washington, D.C.  20005
Counsel for Plaintiff Andrea Riley


_____
Lawrence E. Rubin

September 20, 2005
WHC\RileyVsWHCC\Answer

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREA RILEY** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| **vs.** | : | Case No.  1:05 CV 01444 HHK |
| | : | |
| **WASHINGTON HOSPITAL CENTER,** | : | |
| **CORPORATION** | : | |
| | : | |
| Defendant | : | |

| | | |
|---|---|---|
| **WASHINGTON HOSPITAL CENTER** | : | |
| **CORPORATION** | : | |
| | : | |
| Counterclaim Plaintiff | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ANDREA RILEY** | : | |
| | : | |
| Counterclaim Defendant | : | |

**WASHINGTON HOSPITAL CENTER, CORPORATION**
**COUNTERCLAIM AGAINST ANDREA RILEY**

WASHINGTON HOSPITAL CENTER CORPORATION ("WHCC") by and through its

counsel, Rubin & Rubin, P.C. and Lawrence E. Rubin, hereby Counterclaims against Plaintiff

ANDREA RILEY ("RILEY") for damages pursuant to Rule 13, Federal Rules of Civil

Procedure, and alleges as follows:

1.  This Counterclaim arises from the same common nucleus of operative facts alleged in

the Complaint and this Court has ancillary jurisdiction over the subject matter of the

Counterclaim and the parties hereto.

2.  Venue is proper in the District of Columbia..

3.  WHCC is a Delaware not-for-profit corporation which operates a hospital in the

District of Columbia from its principal place of business at 110 Irving Street, N.W., Washington,

D.C.  WHCC provides medically necessary hospital care and treatment to individuals at this

location including the care and treatment rendered to RILEY the nonpayment of which is the

subject of this Counterclaim.

4.  RILEY is an adult residing in Prince George's County, Maryland.

5.  On February 13, 2003 RILEY underwent laparoscopy, tubal ligation (hereinafter, the

"procedure") at WHCC.  WHCC provided medically necessary care and treatment to RILEY in

connection with this procedure.

6.  WHCC's regular rates for the medically necessary hospital care and treatment

rendered to RILEY for the aforesaid procedure was Six Thousand Five Hundred Forty-five

Dollars and Eighty-three Cents ($6,5,45.83).  These charges are reasonable.

7.  RILEY paid WHCC Three Hundred Dollars and No Cents ($300.00) leaving a

balance  due of WHCC's charges in the amount of  Six Thousand Two Hundred Forty-five

Dollars and Eighty-three Cents ($6,245.83).

8.  A claim for payment of the balance due was timely submitted to National Claims

Administrative Services ("NCAS") (which entity, upon information and belief, is the third-party

administrator of RILEY's health plan)(the "Plan") as a courtesy to RILEY.  NCAS informed

WHCC that the billed services ("sterilization") was not covered under RILEY's Plan and denied

payment.  This denial was timely appealed and NCAS upheld the denial of payment.  NCAS

informed WHCC that RILEY was responsible for payment of the entire WHCC charges.

9.  WHCC billed RILEY for the balance due, Six Thousand Two Hundred Forty-five

Dollars and Eighty-three Cents ($6,245.83).

10.  WHCC has made repeated demands to RILEY that she pay WHCC the balance due

of Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83).


### COUNT I
(Breach Of Contract To Pay Hospital Charges)

11.  WHCC incorporates paragraphs 1 though 10, above, as if fully restated herein.

12.  On February 13, 2003 while at WHCC, prior to the procedure, RILEY contracted in

writing with WHCC (the "Financial Agreement/Guarantee of Payment") as follows:

> In consideration of the services to be rendered to the patient
>
> [RILEY], the undersigned [RILEY] agrees to pay the account of
>
> the hospital in accordance with the regular rates and terms of the
>
> hospital which are available for inspection upon request in the
>
> Business Office during normal business hours.   Any amounts not
>
> covered by insurance or prepaid at admission/registration shall be
>
> due upon receipt of an interim bill while the patient is still in the
>
> hospital or at the time of discharge, whichever comes first.  Any

agreement concerning payment arrangements, billing adjustments,

billing compromises or modifications of this agreement shall be

invalid unless the agreement is in writing and signed by an

authorized hospital representative.  The undersigned authorizes the

hospital or its agents to verify any information received relative to

the undersigned including applicable credit history, employment

and insurance coverage status.  If an account is referred to an

attorney or collection agency, the undersigned shall pay, in

addition to the outstanding balance due (I ) attorney's fees of 15%

(ii) collection expenses (iii) a charge of $10.00 to cover expenses

of photocopying and delivery and (iv) interest at the rate of 12%

per annum from the date of discharge until paid in full on the

unpaid balance of any amounts not paid within 30 days of billing.

13.  RILEY has refused to pay, and has not paid, the remaining Six Thousand Two

Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83) due under the terms of the

aforestated contract, thereby materially breaching her contract with WHCC..

14.  WHCC has incurred a loss of Six Thousand Two Hundred Forty-five Dollars and

Eighty-three Cents ($6,245.83), plus contractual attorney's fees of fifteen percent (15%) in the

amount of Nine Hundred Thirty-seven Dollars and No Cents ($937.00), plus contractual

collection expenses (in an amount to be determined), plus a contractual charge of Ten Dollars

and No Cents ($10.00) to cover expenses of photocopy and delivery, plus contractual interest at

the rate of twelve percent (12%) per annum from February 13, 2003, all as she is obligated to

pay under the terms of the aforestated contract.

**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A.  That Plaintiff ANDREA RILEY take nothing on Plaintiff's claims;

B.  That WASHINGTON HOSPITAL CENTER CORPORATION have  judgment

against Plaintiff ANDREA RILEY in the amount of

(I ).  Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents

($6,245.83); plus

(ii).  Fifteen percent (15%) contractual attorneys fees in the amount of Nine

Hundred Thirty-seven Dollars and No Cents ($937.00); plus

(iii).  Ten Dollars and No Cents ($10.00) contractual photocopying and delivery

charge; plus

(iv).  Contractual collection expenses to be determined at trial; plus

(v).  Pre-judgment contractual interest at the rate of twelve percent (12%) per

annum from February 13, 2003 to the date of entry of judgment; plus

(vi).  Post-judgment contractual interest at the rate of twelve percent (12%) per

annum from the date of entry of judgment until paid in full;

C.  That WASHINGTON HOSPITAL CENTER CORPORATION be awarded costs

herein; and

D.  That the Court grant such other and further relief as the Court may deem proper.

## COUNT II
(For The Reasonable Charges For Medically Necessary
Hospital Care And Treatment Rendered To Andrea Riley)

15.  WHCC incorporates paragraphs 1 though 14, above, as if fully restated herein.

16.  RILEY is liable to WHCC for the reasonable charges for medically necessary

hospital care and treatment rendered to her by WHCC on February 13, 2003 in connection with

the procedure.

**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A.  That Plaintiff ANDREA RILEY take nothing on Plaintiff's claims;

B.  That WASHINGTON HOSPITAL CENTER CORPORATION have  judgment

against Plaintiff ANDREA RILEY in the amount of

( I).  Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents

($6,245.83); plus

(ii).  Pre-judgment interest at the maximum legal rate from February 13, 2003 to

the date of entry of judgment; plus

(iii).  Post-judgment interest at the maximum legal until paid in full;

C.  That WASHINGTON HOSPITAL CENTER CORPORATION be awarded costs

herein; and

D.  That the Court grant such other and further relief as the Court may deem proper.

**COUNT III**
(*Quantum Meruit* For Medically Necessary
Hospital Care And Treatment Rendered To Andrea Riley)

17.  WHCC incorporates paragraphs 1 though 16, above, as if fully restated herein.

18.  WHCC rendered valuable services to RILEY for medically necessary hospital care

and treatment on February 13, 2003 in connection with the procedure.

19.  The aforestated services were accepted by RILEY, she received the benefit of the

said services and knew that WHCC expected to be paid for said services.

20.  WHCC rendered the aforestated services to RILEY with the intention of receiving

compensation for those services.

21.  The aforestated services were rendered by WHCC to RILEY under circumstances

that reasonably notified RILEY that WHCC, in performing such services, expected to be paid by

RILEY, if WHCC was not paid in full by her Plan.


**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A.  That Plaintiff ANDREA RILEY take nothing on Plaintiff's claims;

B.  That WASHINGTON HOSPITAL CENTER CORPORATION have  judgment

against Plaintiff ANDREA RILEY in the amount of

(I  ).  Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents

($6,245.83); plus

(ii).  Pre-judgment interest at the maximum legal rate from February 13, 2003 to

the date of entry of judgment; plus

(iii).  Post-judgment interest at the maximum legal until paid in full;

C.  That WASHINGTON HOSPITAL CENTER CORPORATION be awarded costs

herein; and

D.  That the Court grant such other and further relief as the Court may deem proper.


**RUBIN & RUBIN, P.C.**
Counsel for WASHINGTON HOSPITAL
CENTER CORPORATION

By:   _____
Lawrence E. Rubin, D. C Bar #27441
8404 Georgia Avenue
Silver Spring, MD 20910-4465
Tel. (301) 585-3822
Fax  (301) 588-8406
E-mail: lawrencerubin@hotmail.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Counterclaim was sent via first class mail, postage prepaid this **20**<sup>th</sup> day of **September, 2005** to the following counsel of record:

Michael L. Avery, Sr., Esquire
Avery & Associates
1331 H Street, N.W., Suite 902
Washington, D.C.  20005
Counsel for Plaintiff Andrea Riley


_____
Lawrence E. Rubin

September 20, 2005

WHC\RileyVsWHC\Counterclaim