UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDREA RILEY** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Case No.  1:05 CV 01444 HHK |
| | : | |
| **WASHINGTON HOSPITAL CENTER, CORPORATION** | : | |
| | : | |
| Defendant | : | |

........................................................................................................................................

| | |
|---|---|
| **WASHINGTON HOSPITAL CENTER, CORPORATION** | : |
| 110 Irving Street, N.W. | : |
| Washington, D.C.  20010 | : |
| | : |
| vs. | : |
| | : |
| **WILLSE & ASSOCIATES, INC.** | : |
| d/b/a /  NATIONAL CLAIMS | : |
| ADMINISTRATIVE SERVICES | : |
| 1 S. Calvert Street | : |
| Suite 1100 | : |
| Baltimore, MD 21202 | : |
| <u>Serve:</u>      Resident Agent | : |
|            John A. Picciotto | : |
|            10455 Mill Run Circle | : |
|            Owings Mills, MD 21117 | : |

**WASHINGTON HOSPITAL CENTER CORPORATION
THIRD-PARTY COMPLAINT AGAINST
WILLSE & ASSOCIATES, INC., DOING BUSINESS AS
NATIONAL CLAIMS ADMINISTRATIVE SERVICES**

WASHINGTON HOSPITAL CENTER CORPORATION by and through its counsel,

Rubin & Rubin, P.C. and Lawrence E. Rubin, pursuant to Rule 14, Federal Rules of Civil

Procedure, claims against Third-Party Defendant WILLSE & ASSOCIATES, INC., doing

business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES ("NCAS") for damages and alleges as follows:

    1. This Third-Party Complaint arises from the common nucleus of operative facts alleged herein and in the Complaint for damages for alleged violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et. seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et. seq.* and for nonpayment of medically necessary hospital care and treatment rendered to the Plaintiff. This Court has ancillary jurisdiction over the subject matter of this Third-Party Complaint and the parties hereto.

    2. Venue is proper in the United States District Court for the District of Columbia..

    3. WASHINGTON HOSPITAL CENTER CORPORATION ("WHCC") is a Delaware not-for-profit corporation which operates a hospital in the District of Columbia from its principal place of business at 110 Irving Street, N.W., Washington, D.C. WHCC provides medically necessary hospital care and treatment to individuals at this location including the medically necessary hospital care and treatment rendered to ANDREA RILEY ("RILEY") the Plaintiff in the Complaint filed in this action. (Hereinafter, medically necessary hospital care and treatment is referred to as "services").

    4. WILLSE & ASSOCIATES, INC. is a Maryland corporation with its principal place of business located at the above-cited address. Upon information and belief WILLSE & ASSOCIATES, INC. owns, operates and does business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES in the District of Columbia and elsewhere. Upon information and belief NCAS is a third-party administrator of health insurance plans including the Plan

(described below) under which RILEY was a participant in connection with the below-described services rendered to her on February 13, 2003 at WHCC.

5. RILEY is an adult residing in Prince George's County, Maryland. Upon information and belief at all times relevant hereto RILEY was a participant in a plan of health insurance (the "Plan") sponsored by her husband's employer and administered by NCAS.

6. On February 11, 2003 a WHCC representative telephoned NCAS for the purpose of confirming that RILEY was a Plan participant, that RILEY's Plan covered the following non-emergency, elective procedure to take place at WHCC: laparoscopy, tubal ligation (hereinafter, the "procedure") and to determine her coverage benefits.

7. In the course of the above-referenced telephone conversation an agent or employee of NCAS acting within the scope of her or his agency or employment informed WHCC, among other things, with respect to the procedure: that RILEY was a Plan participant; that RILEY's $100 yearly deductible had not yet been met, that RILEY had a $200 co-pay for this procedure and that WHCC should obtain payment of $300 from RILEY; that the procedure was covered under the Plan and that hospital benefits for the procedure would be at 90% of WHCC's charges; and that pre-certification of the procedure was not required.

8. Based upon the representations made by NCAS, WHCC scheduled RILEY's procedure for February 13, 2003 and RILEY was admitted and underwent the procedure at WHCC on that date. WHCC provided services to RILEY in connection with this surgery.

9. WHCC's regular rates for the services rendered to RILEY for the procedure was Six Thousand Five Hundred Forty-five Dollars and Eighty-three Cents ($6,5,45.83). These charges

are reasonable.

10. RILEY paid WHCC Three Hundred Dollars and No Cents ($300.00) leaving a balance due of Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83).

11. A claim for payment of the WHCC charges was submitted to NCAS. NCAS, on behalf of the Plan, denied payment on the ground that the procedure was not covered under RILEY's Plan, and NCAS failed and refused to reimburse WHCC for its services to RILEY, and NCAS informed WHCC that its charges were RILEY's financial responsibility. The denial of payment was timely appealed and NCAS upheld the denial.

12. WHCC billed RILEY for the balance due, Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83) based on NCAS's representation to WHCC that RILEY was responsible for those charges, and RILEY failed and refused to pay the balance due.

13. WHCC referred RILEY's account to Hospital Billing and Collection, Services, Inc. ("HBCS") for collection and HBCS made repeated demands to RILEY that she pay the balance due of Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83) and RILEY has failed and refused to pay the balance due.

14. Upon information and belief HBCS reported RILEY's WHCC account as "delinquent" to one or more credit bureaus.

15. To date the balance due, Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83), remains due and owing.

## COUNT I
(Misrepresentation)

16. WHCC incorporates paragraphs 1 though 15, above, as if fully restated herein.

17. Upon inquiry by WHCC on February 11, 2003 as to whether the procedure was covered under the Plan and the hospital benefits that would be paid for the procedure, NCAS had a duty to give an accurate response to WHCC.  WHCC would not have agreed to provide the services to RILEY but for the representations made by NCAS.

18. NCAS's representations that the procedure was covered under the Plan and that hospital benefits for the procedure would be paid at 90% of WHCC's charges were false and NCAS knew or should have known that its representations were false.

19. NCAS intended that WHCC would rely on these representations to schedule RILEY's procedure and render services in connection with that procedure.

20. WHCC reasonably relied on NCAS's representations and in reliance thereon scheduled RILEY's procedure, admitted her and rendered services to her in connection with that procedure.

21. NCAS knew or should have known that WHCC would probably rely on those representations, which, if erroneous, would cause damage to WHCC.

22. WHCC has been injured and damaged by NCAS's misrepresentations in the amount of Five Thousand Eight Hundred Ninety-one Dollars and Twenty-five Cents ($5,891.25), 90% of WHCC's charges.

**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A. That it have judgment against Third-Party Defendant WILLSE & ASSOCIATES, INC., doing business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES in the amount of

(a). Five Thousand Eight Hundred Ninety-one Dollars and Twenty-five Cents ($5,891.25); plus

(b). Pre-judgment interest at the maximum legal rate from February 13, 2003 to the date of entry of judgment; plus

( c). Post-judgment interest at the maximum legal rate until paid in full;

B. That it be awarded attorney's fees and costs herein; and

C. That the Court grant such other and further relief as the Court may deem proper.

## COUNT II
(Breach of Contract)

23. WHCC incorporates paragraphs 1 though 22, above, as if fully restated herein.

24. On February 11, 2003 WHCC and NCAS entered into a contract wherein NCAS agreed to reimburse WHCC 90% of its charges for services to be provided to RILEY, an individual represented by NCAS to be a participant in the Plan.

25. Despite demands for payment NCAS has at all times after February 13, 2003 failed and refused to reimburse WHCC for the services provided to RILEY.

26. By its failure and refusal to reimburse WHCC for the charges for the services

provided to RILEY, NCAS has materially breached the contract.

27. WHCC has been damaged and injured by NCAS's breach of the contract.

28. To date the balance due, Six Thousand Two Hundred Forty-five Dollars and Eighty-three Cents ($6,245.83), of which NCAS owes Five Thousand Eight Hundred Ninety-one Dollars and Twenty-five Cents ($5,891.25), remains due and owing; and WHCC has been further injured and damaged by NCAS's breach.

**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A. That it have judgment against Third-Party Defendant WILLSE & ASSOCIATES, INC., doing business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES in the amount of

(a). Five Thousand Eight Hundred Ninety-one Dollars and Twenty-five Cents ($5,891.25); plus

(b). Pre-judgment interest at the maximum legal rate from February 13, 2003 to the date of entry of judgment; plus

( c). Post-judgment interest at the maximum legal rate until paid in full;

B. That it be awarded attorney's fees and costs herein; and

C. That the Court grant such other and further relief as the Court may deem proper.

**COUNT III**
(Promissory Estoppel)

29. WHCC incorporates paragraphs 1 though 28, above, as if fully restated herein.

30. On the basis of NCAS's verification of insurance coverage by virtue of RILEY's

participation in the Plan, that the procedure was covered under the Plan and that hospital benefits for the procedure would be paid at 90% of WHCC's charges, WHCC admitted RILEY and provided services to her on February 13, 2003.

31. NCAS reasonably expected that, based on the above representations, WHCC would schedule RILEY's procedure, admit her and provide services in connection with the procedure and in fact, WHCC did so.

32. After WHCC provided services to RILEY NCAS informed WHCC that it would not reimburse WHCC for the services, claiming that the procedure was not covered by RILEY's Plan.

33. WHCC would not have agreed to provide the services to RILEY but for the fact that NCAS verified RILEY's insurance coverage as a participant in the Plan, confirmed that the procedure was a covered service under RILEY's Plan, and agreed to reimburse WHCC for 90% of its charges.

34. The financial detriment to WHCC can only be avoided by enforcing NCAS's representations that the procedure was covered under the Plan and that NCAS would pay 90% of WHCC's charges.

**WHEREFORE,** WASHINGTON HOSPITAL CENTER CORPORATION demands

A. That it have judgment against Third-Party Defendant WILLSE & ASSOCIATES, INC., doing business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES in the amount of

(a). Five Thousand Eight Hundred Ninety-one Dollars and Twenty-five Cents

($5,891.25); plus

      (b).  Pre-judgment interest at the maximum legal rate from February 13, 2003 to the date of entry of judgment; plus

      ( c).  Post-judgment interest at the maximum legal rate until paid in full;

  B.  That it be awarded attorney's fees and costs herein; and

  C.  That the Court grant such other and further relief as the Court may deem proper.

## COUNT IV
(Indemnification and Contribution)

35.  WHCC incorporates paragraphs 1 though 34, above, as if fully restated herein.

36.  RILEY has alleged in the Complaint filed herein that WHCC is liable to her for damages for, among other things, filing delinquent credit ratings, and pursuing RILEY for a debt which was not owed by her in violation of FDCPA and FCRA; and RILEY's damages, if any, are a direct result of NCAS's misrepresentations to WHCC and NCAS is liable for contribution and indemnification of WHCC for any and all sums for which WHCC may be adjudged liable to RILEY.

**WHEREFORE**, WASHINGTON HOSPITAL CENTER CORPORATION demands judgment against Third-Party Defendant WILLSE & ASSOCIATES, INC., doing business as NATIONAL CLAIMS ADMINISTRATIVE SERVICES

  A.  For all sums which WASHINGTON HOSPITAL CENTER CORPORATION may be found liable to ANDREA RILEY;

  B.  That it be awarded attorney's fees and costs herein; and

C. That the Court grant such other and further relief as the Court may deem proper.

          **RUBIN & RUBIN, P.C.**
          Counsel for WASHINGTON HOSPITAL CENTER CORPORATION

By: _____
     Lawrence E. Rubin, D. C Bar #27441
     8404 Georgia Avenue
     Silver Spring, MD 20910-4465
     Tel. (301) 585-3822
     Fax (301) 588-8406
     E-mail: lawrencerubin@hotmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Third-Party Complaint was sent via first class mail, postage prepaid this **30th** day of **September, 2005** to the following counsel of record:

Michael L. Avery, Sr., Esquire
Avery & Associates
1331 H Street, N.W., Suite 902
Washington, D.C. 20005
Counsel for Plaintiff Andrea Riley

          _____
          Lawrence E. Rubin

September 29, 2005
WHCC\RileyVsWHC\Third-PartyComplaintNCAS

10