U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ANDREA RILEY

    Plaintiff

        v.                    CASE NO:  1:05 CV 01444 HHK

WASHINGTON HOSPITAL CENTER
 CORPORATION

    Defendant and Third Party Plaintiff

        v.

WILLSE & ASSOCIATES, INC., d/b/a NCAS

    Third Party Defendant

## ANSWER OF THIRD PARTY DEFENDANT

Third party defendant Willse & Associates, Inc., d/b/a National Claims Administrative Services responds to the complaint against it as follows.

### I
### FIRST DEFENSE

There is in the contract between third party plaintiff (hereafter "WHCC") and this defendant, (hereafter NCAS) a provision mandating that disputes between the parties be arbitrated by the American Arbitration Association.  This is a judicially enforceable provision.  <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213 (1985).

### II
### SECOND DEFENSE

1.    NCAS need not respond to the jurisdictional averments of paragraph one of the third party complaint.

2. NCAS need not respond.

3. NCAS is without knowledge or information sufficient to form a belief as to the truth of "medically necessary." It admits the remaining averments.

4. NCAS admits the averments of paragraph four.

5. NCAS admits the averments of paragraph five.

6. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph six.

7. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph seven.

8. NCAS denies the averments of paragraph eight.

9. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph nine.

10. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph ten.

11. NCAS admits the averments of paragraph eleven.

12. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twelve.

13. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph thirteen.

14. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph fourteen.

15. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph fifteen.

## COUNT I
### (Misrepresentation)

16.    NCAS responds as it did in paragraph one through fifteen.

17.    NCAS denies the averments of paragraph seventeen.  It is without knowledge or information sufficient to form a belief as to whether WHCC would have agreed to provide the services.

18.    NCAS denies the averments of paragraph eighteen.

19.    NCAS denies the averments of paragraph nineteen.

20.    NCAS denies the averments of paragraph twenty.

21.    NCAS denies the averments of paragraph twenty-one.

22.    NCAS denies the averments of paragraph twenty-two.

## COUNT II
### (Breach of Contract)

23.    NCAS responds as it did in paragraphs one through twenty-two.

24.    NCAS admits there was a contract; denies the remaining averments of paragraph twenty-four.

25.    NCAS admits it refused to reimburse WHCC; denies this was a failure.

26.    NCAS denies the averments of paragraph twenty-six.

27.    NCAS denies the averments of paragraph twenty-seven.

28.    NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twenty-eight.

## COUNT III
### (Promissory Estoppel)

29.    NCAS responds as it did in paragraphs one through twenty-eight.

30.    NCAS denies the averments of paragraph thirty.

31. NCAS denies the averments of paragraph thirty-one.

32. NCAS admits the averments of paragraph thirty-two.

33. NCAS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph thirty-three.

34. NCAS denies the averments of paragraph thirty-four.

## COUNT IV
### (Indemnification and Contribution)

35. NCAS responds as it did in paragraphs one through thirty-four.

36. NCAS denies the averments of paragraph thirty-six.

Wherefore, the premises considered, NCAS prays that the third party complaint against it be dismissed.

Respectfully submitted,

/s/ Charles J. Steele
Charles J. Steele
CareFirst BlueChoice, Inc.
840 1st Street, N.E.
Washington, D.C.  20065
Telephone:  (202) 680-7457
Facsimile:  (202) 680-7620

CERTIFICATE OF SERVICE

I CERTIFY that a copy of this Answer was filed electronically and mailed this 21st day of November, 2005 to:

Michael L. Avery, Sr., Esquire
Avery & Associates
1331 H Street, N.W., Suite 902
Washington, D.C. 20005
Telephone: 202-393-4600
Fax: 202-393-3633
Plaintiff's Attorney

Lawrence E. Rubin, Esquire
Rubin & Rubin, P.C.
8404 Georgia Avenue
Silver Spring, MD 20910
Telephone: 301-585-3822
Fax: 301-588-8406
Defendant and Third-Party Plaintiff's Attorney

/s/ Charles J. Steele
Charles J. Steele