UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ANDREA RILEY

    Plaintiff

        v.                    CASE NO:  1:05 CV 01444 HHK

WASHINGTON HOSPITAL CENTER
 CORPORATION

    Defendant and Third Party Plaintiff

        v.

WILLSE & ASSOCIATES, INC., d/b/a NCAS

    Third Party Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THIRD PARTY DEFENDANT'S
MOTION TO STAY AND ORDER ARBITRATION**

    Third Party Plaintiff entered into a binding arbitration agreement with Third Party Defendant (hereinafter "NCAS"). The Federal Arbitration Act mandates that a private written agreement to arbitrate shall be valid, irrevocable, and enforceable, unless grounds exist at law or equity for the revocation of the contract. See 9 U.S.C. § 2. The Act was adopted to make clear the judiciary's obligation to enforce arbitration agreements. See Volt Info. Sciences, Inc. v. Bd. of Tr. of the Leland Stanford Jr. Univ., 489 U.S. 468, 474 (1989) (holding the Federal Arbitration Act mandated arbitration of the dispute).

    In Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985), the Supreme Court stated that the Federal Arbitration Act was enacted to establish and regulate a liberal federal policy favoring arbitration agreements. See id.

1

(citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n. 32 (1983). The Court held that the Act requires the rigorous enforcement of agreements to arbitrate. Mitsubishi, 473 U.S. at 626 (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985).

In determining whether parties agreed to arbitrate a dispute, the Arbitration Act establishes that as a matter of federal law, any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration, whether the doubts are created by the language of the contract, or an allegation of waiver, delay, or a similar defense to arbitrability. See Mitsubishi, 473 U.S. at 626 (citing Moses H. Cone, 460 U.S. at 24-25). In sum, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi, 473 U.S. at 626.

In the instant case, the arbitration agreement, a copy attached, is valid under the Federal Act. See Master Participation Agreement Between Group Hospitalization and Medical Services, Inc.[1] and CareFirst BlueChoice and Washington Hospital Center at page 19 of 21. Under the Act, the Third Party Plaintiff's agreement with NCAS to submit the instant dispute to arbitration in lieu of pursuing litigation in a public tribunal is valid, irrevocable, and enforceable. The Act provides that when a court is presented with a dispute covered by an arbitration agreement, the court "shall on application of one of the parties stay trial of the action until such arbitration has been had in accordance with

---

[1] The contract provides that, "[b]y virtue of its participation in a given Provider Network, Hospital will furnish services to Members of those Health Benefit Plans offered or administered by the Corporation [Group Hospitalization and Medical Services, Inc.] (or another entity with access to the applicable Provider Network pursuant to an agreement with Corporation) which rely on that Network for the provision of Covered Hospital Services." NCAS is an affiliate of Group Hospitalization and Medical Services, Inc. with access to its Provider Network. NCAS did not enter into a separate participation agreement with Third Party Plaintiff.

the terms of the agreement," 9 U.S.C. § 3, and "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement," 9 U.S.C. § 4.

The District of Columbia Code is consistent with the Federal Act, stating, under § 16-4301, "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." The United States Supreme Court has held that despite the broad reach of the Federal Act, it pre-empts state laws only to the extent that they disfavor arbitration. Volt, 489 U.S. at 477. In the instant case, District of Columbia law favors arbitration, so it reinforces, and is not pre-empted by the Federal Act.

In Moses H. Cone, the Supreme Court held that an arbitration agreement must be enforced in spite of the presence of persons who are parties to the underlying dispute but not to the arbitration agreement. See 460 U.S. at 20. As persons who are not parties to arbitration agreements cannot be forced to arbitrate, the dispute must be resolved in different forums. See id. The Court stated, "relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." Id. (emphasis in original). Therefore, the Third Party Plaintiff must resolve its dispute with the Plaintiff, Andrea Riley, in this court and resolve its dispute with NCAS in arbitration.

Accordingly, CareFirst respectfully requests that the court stay the pending litigation between the Third Party Plaintiff and NCAS and issue an order directing the

3

Third Party Plaintiff and NCAS to arbitrate the dispute in accordance with the terms of the arbitration agreement.

          Respectfully submitted,

          <u>/s/ Charles J. Steele</u>
          Charles J. Steele
          Litigation General Counsel
          Willse and Associates
          840 1st Street, N.E.
          Washington, D.C. 20065
          Telephone: (202) 680-7457
          Facsimile:   (202) 680-7620
          Attorney for Third Party Defendant

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of this Memorandum was filed electronically and mailed this 11th day of January, 2006 to:

Michael L. Avery, Sr., Esquire
Avery & Associates
1331 H Street, N.W., Suite 902
Washington, D.C. 20005
Telephone: 202-393-4600
Fax: 202-393-3633
Plaintiff's Attorney

Lawrence E. Rubin, Esquire
Rubin & Rubin, P.C.
8404 Georgia Avenue
Silver Spring, MD 20910
Telephone: 301-585-3822
Fax: 301-588-8406
Defendant and Third-Party Plaintiff's Attorney

/s/ Charles J. Steele
Charles J. Steele